By the Court
 

 (Kinkade, J.).
 

 This is an action in mandamus brought by the relator in this court, in which it seeks an order directing the commissioner of assessments and licenses in the city of Cleveland to examine and certify as correct certain taximeters attached to its cabs, that are now operating upon the streets of the city of Cleveland, under and pursuant to an ordinance of that city. Relator alleges that it has performed all the acts that are necessary for it to do and perform, and that by reason of its having so performed, a positive duty has arisen on the part of the commissioner of assessments and licenses to so inspect and so certify as correct the taximeters on the cabs of the relator.
 

 Relator also alleges in its petition that after the refusal of the commissioner to act as requested, it perfected an appeal to the board prescribed by the ordinance, and that the board, upon hearing, decided to affirm the action of the commissioner, and that consequently the relator has no adequate remedy at law, and must secure relief, if at all, through an order in mandamus.
 

 Relator, after having alleged that it has performed everything that it should perform under the ordinance,
 
 *408
 
 and is still met with, a refusal of inspection and certification, proceeds to state in its petition in detail what it lias done to comply with, the ordinance, and these statements clearly show that it has not complied with the terms of the ordinance, and hence its petition as a whole fails to state a cause of action, as claimed by the respondent, and therefore the respondent has filed a demurrer to the petition, and the matter is heard here upon demurrer.
 

 Section 2556 of the ordinance provides that the charges indicated by the meter shall be thirty-five cents for the first half-mile or fraction thereof, and ten cents for each succeeding one-quarter mile, or fraction thereof. Relator insists that it is entitled to use a meter, and have it certified, which exhibits twenty-five cents for the first three miles, or any fraction thereof, and five cents for each succeeding one-third mile. The rates mentioned do not obtain in the central zone that is described by metes and bounds, where a sixty cent rate is employed.
 

 It is contended by the relator that the ordinance of the city, which is alleged by relator to be a valid ordinance, is subject to such construction as will enable the relator to use the character of meter which it claims the right to use, and which it asks the court to issue a writ of mandamus giving it the right to use. "We think the ordinance needs no construction whatever. It is entirely plain and free from ambiguity of any kind, and it is clear that a meter registering and indicating in rates of fare and distances that which the relator claims its meters do is plainly and definitely at variance with the requirements of the ordinance. This question is not new, and it has been litigated in many cases in many cities, between taxicab companies and the city. We see no reason why the city may not define the maximum charge that may be made, and may also, if it sees fit to do so, when acting in good faith, fix the minimum charge that may be
 
 *409
 
 made by taxicab companies, and may also specify in tbe ordinance the distances or fractions thereof to which the charges mentioned apply. Conditions differ in different cities, and it wonld not be practicable to name a rate that wonld be fairly applicable in all cities, or a schedule of different distances that would be fairly applicable alike in all cities. No abuse of discretion of bad faith on the part of the city authorities is claimed in this case. We think no useful purpose will be served by any attempt in this opinion to review the various decisions that have been made in numerous cities touching this subject. The terms of the ordinance are controlling in this case. The ordinance is definite, and within the power of the city to enact. If the relator desires to operate taxicabs upon the streets of the city, it follows as a matter of course it must furnish taximeters that comply with the ordinance. The requirement is for the benefit of the public, and when the relator says distinctly, as it does in its petition, that it has not complied with the ordinance, it follows as a matter of course that it has not presented a clear right that entitles it to the extraordinary writ of mandamus. The writ will be denied.
 

 Writ denied.
 

 Matthias, Day, AlleN and SteuheNSON, JJ., concur.